UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIECIA AYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| BERGQUIST LAW FIRM, PLLC, | § | |
| & DAVID W. BERGQUIST | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tiecia Ayers files this Original Complaint against Defendants Bergquist Law Firm, PLLC ("BLF") and David W. Bergquist ("Bergquist") and respectfully shows the Court the following:

## I.   SUMMARY OF CASE

1.    Plaintiff Ayers was hired as an attorney for BLF in 2018. BLF is owned and managed by David W. Bergquist, with Terry McGovern, PLLC, and Jovani Diaz, LLC, as managing members. BLF required its attorneys to work a minimum of 55 hours per week and on weekends.  Ayers performed very well as an associate attorney and received raises, promotions, and increased supervisory responsibility.  When Ayers suffered complications from her pregnancy in late 2019 and early 2020, Bergquist's treatment of her immediately changed.  He denied her leave as required under the Family Medical Leave Act and instead fired her after a series of harsh, accusatory, and condescending emails.  In BLF's communications to the Texas Workforce Commission and the Equal Employment Opportunity Commission, Bergquist and BLF trumped up false allegations of Plaintiff's poor performance to support their discriminatory treatment of Plaintiff they claimed to "discover" only after her request to work from home due to her pregnancy-related medical complications.  Bergquist treated Plaintiff much more harshly than the one other non-Black attorney Diaz, who suffered no complications in her pregnancy that would interrupt Bergquist's demanding work schedule for his lawyers.  Rather than accommodate Plaintiff's medical needs, Defendant fired Plaintiff six days after she gave birth in violation of the Family Medical Leave Act, 42 U.S.C. § 1981, Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Americans with Disabilities Act, and the Texas Labor Code Chapter 21.

## II.   PARTIES

2.    Plaintiff Tiecia Ayers is a resident of Brazoria County.

3.      Defendant Bergquist Law Firm, PLLC is a domestic limited liability company doing business in the State of Texas. The Firm may be served via its registered agent, David W. Bergquist, 1333 West Loop S., Suite 1700, Houston, TX 77027; or via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or wherever found.

4.      Defendant David Bergquist is a resident of Harris County, Texas, and may be served at 528 Buckingham Dr., Houston, TX 77024, or wherever found.

## III.    JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1); sex/gender, pregnancy, and race discrimination as covered by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Pregnancy Discrimination Act of Title VII, 42 U.S.C. § 2000(e)(k), and 42 U.S.C. § 1981; and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*   The court has supplemental jurisdiction over Plaintiff's related employment discrimination claims brought under Texas Labor Code Chapter 21.

6.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas, and the unlawful employment practices alleged in this case occurred in the Southern District of Texas.

## IV.    FACTS

7.      Plaintiff Ayers obtained her Doctor of Jurisprudence degree from the University of Houston in May 2017 while raising her son and working. In the first half of 2018, Plaintiff commenced employment with Defendant. Plaintiff was one of approximately twenty-two (22) attorneys employed with BLF and one of more than 50 employees working in the Houston office of BLF.  Although BLF employs at least 50 employees, it had no policy regarding the Family Medical Leave Act ("FMLA").

8.      Plaintiff discovered that she was pregnant with her second child in the summer of 2019. Plaintiff's supervisor, Jovanni Diaz ("Diaz"), was also pregnant. To Plaintiff's knowledge, both she and Diaz were the first, and only, attorneys to become pregnant at BLF.  In September or October 2019, Ayers notified Diaz and Bergquist that she was pregnant.

9.      On December 31, 2019, Plaintiff went on bedrest for a few days, but continued to work from home. When she returned to BLF, she began to report to attorney Joshua Daws ("Daws") because Diaz had her baby.  Bergquist allowed Diaz to work from home after the birth. On Tuesday, January 21, 2020, while prepping a client for a deposition, Plaintiff experienced extreme nausea and dizziness. A co-worker rushed Plaintiff to the Emergency Room. Plaintiff was prescribed antibiotics and antinausea medication.

10.     On Thursday, January 23, 2020, Plaintiff had bouts of vomiting. On Friday, January 24, 2020, Plaintiff's doctor put her on long-term bedrest and an IV. On Monday, January 27, 2020, Plaintiff went to BLF to collect her belongings so that she could work from home. Plaintiff hoped to speak to Bergquist about plans for her workload, but Bergquist was in Dallas.

11.     Plaintiff spoke to an interim supervisor who then spoke to Bergquist. In a series of condescending and disrespectful emails, Bergquist told Plaintiff that she was not allowed to work from home; and that Plaintiff's associate and legal assistant could take care of Plaintiff's work. Plaintiff was hesitant because the associate was new, and she worried the associate wouldn't be able to handle Plaintiff's caseload. Plaintiff pressed that she could continue to work from home. Despite her multiple requests for this accommodation that he had provided to Diaz, Bergquist denied her requests.

12.     While Plaintiff was on leave, Plaintiff was notified by her assistant that Bergquist was making comments and asking questions: Bergquist asked Plaintiff's assistant if she liked working for Plaintiff because he had "concerns"; Bergquist sent an email to all staff stating, in so many words, that Plaintiff was incompetent because her associate didn't perform a task well and it was because Plaintiff trained her; Bergquist commented that Plaintiff wasn't moving her cases or doing anything; and that Plaintiff was giving all of her cases to the associate and not doing her own work. None of these statements were true, and Plaintiff had never heard that Bergquist had made such inquiries about Plaintiff before.

13.     These implied allegations about Plaintiff's work performance were clearly unwarranted and false. Bergquist told Plaintiff, despite her attempts otherwise, not to perform work while at home; and then punished and shamed Plaintiff for following his instructions while battling pregnancy complications.

14.     On February 5, 2020, five days after giving birth to her son, Plaintiff received a text message from her associate advising that Bergquist was inquiring into her calendar and tasks. A meeting was held to discuss concerns, but Plaintiff was not invited to attend or provide feedback into any questions posed. Plaintiff tried to log in to her computer, but her access had been denied.

15.     The following day, Bergquist terminated Plaintiff via email claiming she had failed to comply with company policies. This is a blatant lie. Defendants terminated Plaintiff because she required medical leave and accommodations. Defendants were put on notice that Plaintiff required FMLA leave when she disclosed her pregnancy and medical complications, but it was never offered to her. Defendants failed to accommodate Plaintiff by allowing her to work from home.

16.     Additionally, Plaintiff was terminated due to sex/gender, race, pregnancy, and pregnancy-related disability. BLF and Bergquist treated Plaintiff differently than her supervising attorney, Diaz. Diaz gave birth in early 2020, but she did not have pregnancy complications. Bergquist allowed her to work from home without issue and did not fire her. Bergquist terminated Plaintiff but did not terminate Diaz. Plaintiff is African American while Diaz is not.

17.     Bergquist and BLF contested Plaintiff's request for unemployment benefits and listed multiple falsehoods which evidence pretext: Plaintiff received her notice of termination via

3

email on February 6, 2020, but Bergquist and BLF disclosed to the Texas Workforce Commission ("TWC") that her last day was January 27, 2020. This means that Defendants decided to terminate Plaintiff, unbeknownst to her, three days after she was placed on bed rest. January 27th is also the day that Plaintiff went to BLF to discuss her workload with Bergquist, but he was out of town. Yet, Bergquist told the TWC that on January 27, 2020, Plaintiff failed to submit "a proper request for time off along with a plan of action for her job responsibilities." Also, Bergquist alleged that Plaintiff failed to "respond to client phone calls and emails," but Bergquist made it clear to Plaintiff that she could not work from home. Bergquist made this quite clear when he removed Plaintiff's log in abilities.  Bergquist and BLF also listed a number of other alleged infractions and oversights to the TWC and EEOC, all of which are demonstrably false, and some of which resulted from their own negligence in transitioning Plaintiff's workload.

## V.      CAUSES OF ACTION

### A.      COUNT ONE AGAINST BLF– SEX, GENDER, RACE, AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE TEXAS COMMISSION ON HUMAN RIGHTS ACT, & 42 U.S.C. § 1981

18.      Plaintiff incorporates by reference all of the above facts.

19.      Title VII of the Civil Rights Act, and the Texas Labor Code, make unlawful an employment practice when an employer fails or refuses to hire or discharges any individual, or otherwise discriminates against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e(a); Tex. Lab. Code § 21.051.

20.      Section 1981 states: "[a]ll persons within the jurisdiction of the United States shall have the same right…to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

21.      To establish a case of gender or race discrimination based on circumstantial evidence under these laws, Plaintiff must prove: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) after her adverse employment action, she was replaced by someone not a member of the protected class or that others similarly situated and outside of the protected class were more favorably treated. *See, e.g., Holmes v. DEA*, 512 F. Supp.2d 826, 840 (W.D. Tex. – El Paso 2007).

22.      "Congress intended the Pregnancy Discrimination Act (PDA) to provide relief for working women and to end discrimination against pregnant workers." *Laxton v. Gap*, 333 F.3d 572, 577 (5th Cir. 2002) (quoting *California Fed. Sav. And Loan Ass'n v. Guerra*, 479 U.S. 272, 276 (1987)).

23.      A claim under the PDA is analyzed like Title VII. *See Urbano v. Continental Airlines*, 138 F.3d 204, 206 (5th Cir. 1998). To establish a claim for pregnancy discrimination,

Plaintiff must prove that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside of her protected class, or that other similarly situated employees were more favorably treated. *Carter v. Swiftships*, LLC, 2018 U.S. Dist. LEXIS 9099 at *11 (W.D. La. 2018).

24.     Plaintiff is a member of a protected class, based on her gender, race, and pregnancy. For the years that Plaintiff was employed, Plaintiff was never written up or reprimanded for any performance issues and was qualified for her position. Plaintiff was treated less favorably than employees similarly situated. Plaintiff's pregnancy and related medical leave caused Defendant to fire her.

## B.     COUNT TWO AGAINST BLF AND BERGQUIST – FMLA RETALIATION AND INTERFERENCE IN VIOLATION OF 29 U.S.C § 2615(a)(1)

25.     Plaintiff incorporates by reference all of the above facts.

26.     An employer is prohibited from discharging or in any way discriminating or retaliating against any person for exercising or attempting to exercise his or her rights under the FMLA. "To prove FMLA retaliation, the employee must demonstrate: (1) she was protected under the FMLA; (2) she suffered an adverse employment action; and (3) she was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA." *Acker v. GM, LLC*, 853 F.3d 784, 790 (5th Cir. 2017).

27.     To prove an interference claim, a plaintiff must at least show that [defendant] interfered with, restrained, or denied [her] exercise of attempt to exercise FMLA rights, and that the violation prejudiced [her]." *Id*. At 788.

28.     Plaintiff was protected under the FMLA and took leave that should have been certified under the FMLA. Defendant BLF never complied with its statutory duties under the FMLA to implement an FMLA policy, advise Ayers of her rights under the FMLA, or offer her FMLA leave when she notified BLF of an FMLA-qualifying condition.  Bergquist set policies for BLF; hired and fired employees including Plaintiff; controlled employees' terms and conditions of employment including payments and schedules; and supervised Plaintiff directly and indirectly. BLF and Bergquist terminated Plaintiff for taking FMLA leave. Defendants did so to interfere with this leave and to retaliate against Ayers for taking leave.

29.     As a result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, actual damages in the form of lost wages, medical costs, and lost benefits.

## C.     COUNT THREE AGAINST BLF – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30.     Plaintiff incorporates by reference all of the above facts.

31.     The Americans with Disabilities Act proscribes that no covered entity shall discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

32.     While pregnancy is not a disability, pregnancy-related medical conditions can be. In *Appel v. Inspire Pharms, Inc*., the court found that Plaintiff, who was house-confined due to her high-risk pregnancy and possessed an incompetent cervix, was disabled. *Appel v. Inspire Pharms, Inc.*, 712 F. Supp.2d 538, 547 (N.D. Tex. – Dallas 2010).

33.     A person is disabled under the ADA if she (1) has a physical or mental impairment that substantially limits one or more of the major life activities; (2) has a record of such impairment; or (3) is regarding as having such an impairment. 42 U.S.C. § 12102(2). A Plaintiff may establish a claim of discrimination by showing that (1) she suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action; and (4) was replaced by a non-disabled person or treated less favorably than non-disabled employees. *Appel*, 712 F. Supp.2d at 547.

34.     There is no requirement that an impairment last a particular length of time to be considered substantially limiting under the ADA Amendments Act of 2008, and an impairment lasting fewer than six months can be a disability. *See* 29 C.F.R. § 1630.2(j)(1)(ix). In addition, the determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment, but rather on the effect of that impairment on the life of the individual. *See* 29 C.F.R. § 1630.2(j).

35.     Plaintiff was placed on bed rest due to her pregnancy-related medical condition which affected major life activities such as sleeping, walking, standing, bending, concentrating, and working.  Notwithstanding this she was qualified to continue working during the period of her disability.

36.     "In both claims for adverse action based on a disability and claims for failure to accommodate, the employee has the threshold requirement of establishing she is a qualified individual with a disability. In order to be qualified, the employee with a disability must be able to carry out the essential functions of her position, with or without a reasonable accommodation." *Molina v. DSI Renal Inc*., 840 F. Supp.2d 984, 993 (W.D. Tex. – El Paso 2011). The employer is required to engage in an interactive process with a disabled employee to determine reasonable accommodations. Defendant failed to engage in any meaningful interactive process with Plaintiff. Further, Defendant failed to accommodate Plaintiff based on her pregnancy-related disability by allowing her to continue working from home.  Defendant also terminated Plaintiff due to her pregnancy-related disability.

## VI.     JURY DEMAND

37.     Plaintiff demands a trial by jury.

## VII.     PRAYER

38.     Plaintiff requests that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

a.      Actual damages including but not limited to pecuniary losses, non-pecuniary losses, back pay and front pay;

b.      Emotional distress and other compensatory damages;

c.      Liquidated and/or punitive damages;

d.      Attorney's fees and court costs;

e.      Prejudgment and post-judgment interest; and

f.      All other relief to which she is entitled.

Respectfully submitted,

By: */s/ Samantha Martinez*
Samantha Martinez
MARTINEZ FIRM, PLLC
Federal ID No. 27604
State Bar No. 24026860
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:     (713) 333-3270
Telecopier:     (713) 333-3275

COUNSEL FOR PLAINTIFF
TIECIA AYERS

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tiecia Ayers

## DEFENDANTS

Bergquist Law Firm, PLLC, & David W. Bergquist

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Samantha Martinez, Martinez Firm, PLLC, 325 Heights Blvd., Houston, TX 77007, 713-333-3270

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>(15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☒ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding
☐ 2  Removed from
State Court
☐ 3  Remanded from
Appellate Court
☐ 4  Reinstated or
Reopened
☐ 5  Transferred from
Another District
*(specify)*
☐ 6  Multidistrict
Litigation -
Transfer
☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff was terminated due to her sex/gender, race, & pregnancy discrimination, FMLA retaliation & interference, and ADA disability discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
750,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
Jun 8, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____