UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIECIA AYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:21-cv-01844 |
| | § | |
| BERGQUIST LAW FIRM, PLLC, | § | |
| & DAVID W. BERGQUIST, | § | |
| | § | |
| Defendants. | § | |

## JOINT STATEMENT OF DISCOVERY DISPUTE

Plaintiff Tiecia Ayers and Defendants Bergquist Law Firm, PLLC, and David W. Bergquist submit their joint statement regarding a discovery dispute, as follows:

**Plaintiff's Statement**

1. Plaintiff moves to compel from Defendant Bergquist Law Firm, PLLC ("BLF") several categories of documents and two requests for admission. Plaintiff has sought to confer multiple times with counsel for Defendants regarding this issue, including most recently on May 4, 2022, during Defendants' deposition of Plaintiff.

2. <u>Background facts</u>. Plaintiff Ayers worked for BLF for almost two years. She received four raises more than doubling her salary. She had no record of formal discipline, other than being reminded to comply with BLF's 55-hour per week clock-in/clock-out requirements. In January 2019, Plaintiff was rushed to the hospital and then ordered to bed rest due to pregnancy complications. BLF fired her just over two weeks later, six days after her baby was born prematurely. At the time, BLF gave several reasons for the termination:
    a. Failure to provide a plan for her maternity leave, including a "proper request for time off" or a "plan of action for your phone calls, faxes, emails regarding your cases and any of your other job duties."
    b. Failing to properly request PTO.
    c. Failing to keep up with her hours and timesheets.
    d. Failing to respond to client phone calls, emails, deadlines, etc.
    e. Failing to follow the firm's audit procedure; and
    f. Failing to provide written notice of when she would be out of the office.
(Ex. A, Termination Letter, first paragraph and bullet points). Later, BLF told the EEOC that it also fired Ms. Ayers for failing to properly manage and audit her supervisee. (Ex. B, BLF Position Statement, p. 6).

1

3. Plaintiff has asserted that these termination reasons are false. She alleges that she was fired due to her race, her difficult pregnancy, and in retaliation for needing time off under applicable federal statutes. [Doc. 1, Plaintiff's Original Complaint]. Fundamental to each of her claims is "comparator" evidence, *i.e.* evidence that employees similarly-situated to her were treated differently than she, or the same if they share protected characteristics. *See, e.g., Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) (plaintiff must demonstrate comparators were treated differently as part of her prima facie case); *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (setting forth factors when evidence of treatment of employees in same protected class should be admitted).

4. <u>Irogs 5-7, 9-10 and RFPs 7-8, 28-35, 56-57, Comparator Information</u> (Exs. C, pp. 5-8, 15-18, & D, p. 6, Defendants' responses to Plaintiff's first and second sets of discovery): Plaintiff seeks comparator information to determine whether other attorneys committed similar offenses (as outlined in Exs. A & B and described above) and were retained. Defendant refused to provide any information in response to Irogs 5-7 and 9-10 and RFPs 7-8 and 28-35 in Plaintiff's first set of discovery seeking that information.[1] Plaintiff then identified, in her second set of discovery requests, ten attorneys whom she believes worked fewer hours than she (RFP 56). Plaintiff additionally asked for the timesheets of other attorneys for a nine-month time frame preceding her termination (RFP 57). Yet BLF still refuses to produce any of these records.

5. <u>RFP 4, 21-25, Text or other direct messages among the decision makers regarding Plaintiff's termination, and text messages exchanged with Plaintiff regarding her time off from work</u> ((Ex. C, pp. 9, 13-15, Defendants' responses to Plaintiff's first set of discovery): BLF identified four people who were involved in Plaintiff's termination: Defendant David Bergquist, Jovani Diaz, Joshua Daws, and Aimee Mendez. Plaintiff has produced text messages from her phone with these decision makers, that she had saved before her phone was lost or stolen from a restaurant last year. But Defendants have never produced any of these same text messages with Plaintiff, nor text messages among themselves regarding the termination. Plaintiff believes they do have responsive text messages that they have not produced, including messages related to the ones she already produced. Plaintiff seeks all documents relevant to her termination (RFP 4). She also seeks all text messages which reference her, between these custodians, for the narrow three-month window of December 1, 2019 to February 28, 2020 (RFPs 21-25).

6. Defendants have provided no explanation for why they have not produced these documents. Plaintiff's counsel sent a spoliation letter to Defendants four and one-half months after Plaintiff's termination, advising Defendants to retain and not delete these documents. (Ex. F, Spoliation Letter to BLF, first two bullet points). BLF and Bergquist should have retained these documents, including pertinent texts related to her time off and termination exchanged with her. Yet they have produced no text messages at all.

---

[1] In all of its responses, BLF referred Plaintiff to Exhibit 3, which were documents consisting of Plaintiff's EEOC charge and BLF's response. There was no comparator information contained therein.

7. <u>RFP 16, Position statement to EEOC for comparator employee</u> (Ex. C, Defendants' responses to Plaintiff's first set of discovery): Plaintiff is suing for race discrimination. Another African-American female, an associate who reported to Plaintiff during her employment, filed an EEOC charge against BLF for race discrimination. Plaintiff has obtained from that attorney a copy of the Charge, but not of BLF's response to the EEOC. Plaintiff seeks the response to determine if this former employee's experience is relevant and if she is a proper comparator witness.

8. <u>RFA 35-36, Number of employees working in Houston</u> (Ex. E, Defendants' responses to Plaintiff's third set of discovery): In order for BLF to be liable under the Family Medical Leave Act, Plaintiff must prove that BLF had 50 employees working for 20 or more calendar workweeks in 2019 or 2020 in Houston. 29 CFR §§ 825.105, 825.110(a)(3). In response to requests for admission regarding the number of employees working in Houston, BLF claims it cannot "truthfully admit or deny" this answer. (Ex. E, p. 5). However, Defendant has produced documents regarding the number of employees working for it, and has answered admissions regarding the number of employees working in <u>all</u> of its offices. BLF is playing games at this point. Defendant provides no reason why it can count employees for all of its offices, but not for its Houston office. Plaintiff is entitled to an admission regarding this key matter.

**Defendants' Statement**

1. By way of background, Defendants would like to point to the fact that Plaintiff has had ample opportunity to obtain discovery and seek court intervention *prior* to the discovery deadline which expired on April 29, 2022. Instead, they are attempting to make up for their short falls in proving their case and seek court intervention knowing that a Motion for Summary Judgment deadline is May 31, 2022, docket call is set for September 13, 2022, and trial is just around the corner.

2. By way of this statement, Defendants respond to Plaintiff's statement and reserve the right to raise its own issues with Plaintiff's discovery in the future should it be deemed appropriate by this court

3. <u>Irogs 5-7, 9-10 and RFPs 7-8, 28-35, 56-57, Comparator Information</u>: Defendants maintain their objections and have provided information and documents to comply with request. There are no comparable attorneys or employees to Plaintiff as BLF has never had an attorney abandon his or her job and duties nor failed to comply with firm policies to the extent Plaintiff did. The actions of Plaintiff are unprecedented to BLF:

    a. Failed to respond to over 700 emails;
    b. Had little to no sent emails in a period of two months;
    c. Missed Court hearings and had cases dismissed for want of prosecution;
    d. Failed to prosecute cases leading to dismissal for want of prosecution;
    e. Failed to serve discovery timely, despite extensions granted;

    f. Had motions to compel filed against her;
    g. Failed to file proper responses to avoid being compelled;
    h. Had motions to compel granted against her clients;
    i. Failed to respond to client, opposing counsel, and insurance adjusters on settlement of cases;
    j. Consistently failed to comply with BLF policies and procedures;
    k. Among many other actions constituting her violation of policies, procedures, and abandonment of her duties and responsibility to clients.

4. Furthermore, Plaintiff has had an opportunity to ask detailed questions about these topics during the depositions of David W. Bergquist and Jovani Diaz. Although there is no comparable attorney who has failed to comply with hour requirements as Plaintiff, Defendants have produced the following:

    a. BLF Bates 000952-001300 - EEOC Complete File;
    b. BLF Bates 01968-01977 - Reprimands to Other Attorneys Regarding Failed Hour Requirements;
    c. BLF Bates 01979-01987 - Write Ups to Other Attorneys Regarding Failed Timesheets;
    d. BLF Bates 01989-01992 - Emails to Other Attorneys Regarding PTO/UTO Request Mistakes.

5. <u>RFP 4, 21-25, Text or other direct messages among the decision makers regarding Plaintiff's termination, and text messages exchanged with Plaintiff regarding her time off from work</u>: Defendants complied with its duties under the production request and spoliation letter. Defendants went back and looked for all emails from, to, cc involving Plaintiff, Defendants, Jovani Diaz, Josh Daws, Aimee Mendez, Keyarria Amey, and Nicole Garcia starting from September 1 2019 (which was the approximate date Plaintiff notified Defendants of her pregnancy) to February 9, 2020. All written discussions, including text messages, regarding termination of Plaintiff have been produced. Plaintiff has failed to identify specifics about the text messages that they claim are missing. Plaintiff is unable to do so, because there are none. Furthermore, Aimee Mendez was not a decision maker regarding termination of Plaintiff.

6. <u>RFP 16, Position statement to EEOC for comparator employee</u>: Plaintiff has a copy of the charge relating the EEOC claim by another African-American female former employee at BLF. Other than the charge in their possession, which they have produced during discovery, there are no other applicable documents to their production request. Defendants are in possession of the position statement regarding this claim; however, Defendants understand that said information is confidential. Should this Court order Defendants to produce a copy to the Court for review, and/or to Plaintiff under a confidentially agreement, Defendants will, of course, comply.

7. <u>RFA 35-36, Number of employees working in Houston</u>: Defendants maintain their objection and response. Defendants have provided quarterly reports from January 1, 2019 to December 31, 2020 showing the total number of BLF employees and at no point did

BLF have more than 100 employees in those calendar years. Therefore, Defendants were able to accurately calculate the number of employees for all offices being under 100. Defendants have produced documents that are responsive to RFA 35-36. However, upon review of said documents, Defendants are unable to truthfully calculate the request with accuracy, thus are unable to admit or deny.

8. Should Defendants be unable to respond RFAs in question, Plaintiff proposed RFP 58 to which Defendants have complied and is not being contested. Defendants have provided all documentation to Plaintiff to formulate their own calculation in accordance with the proposed production request:

   a. Bates Stamp 002411-002419 - TWC Quarterly Reports for 2019 BLF;
   b. Bates Stamp 002420-002434 - TWC Quarterly Reports for 2020;
   c. Bates 002435-2587 - Bergquist Law Firm Payroll Summary Report for 2019;
   d. Bates 002588-002739 - Bergquist Law Firm Payroll Summary Report for 2020;
   e. Bates 002740-003228 - Bergquist Law Firm Payroll Details Report for 2019;
   f. Bates 003229-00371 - Bergquist Law Firm Payroll Details Report for 2020;
   g. Bates 001993-002017 - Bergquist Law Firm Payroll Summary Reports.

Respectfully submitted,

By: /s/ Samantha Martinez
Samantha Martinez
MARTINEZ FIRM, PLLC
Federal SDTX No. 27604
State Bar No. 24026860
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:   (713) 333-3270
Telecopier:   (713) 333-3275

ATTORNEY FOR PLAINTIFF
TIECIA AYERS
By: /s/ Terry McGovern
Terry McGovern
BERGQUIST LAW FIRM, PLLC
Federal SDTX No. 3126466
State Bar No. 24102180
1301 McKinney St., Suite 2400
Houston, Texas 77010
tm@bergquistlawfirm.com
ATTORNEYS FOR DEFENDANTS
BERGQUIST LAW FIRM, PLLC &
DAVID W. BERGQUIST