# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **TIECIA AYERS,** | § | |
| *Plaintiff* | § | |
|  | § | |
|  | § | |
| **vs.** | § | **CIVIL ACTION NO: 4:31-CV-01844** |
|  | § | |
| **BERGQUIST LAW FIRM, PLLC &** | § | |
| **DAVID W. BERGQUIST,** | § | |
| *Defendants* | | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S <u>"HUMAN RESOURCES PRACTICES" EXPERT MARLA MOORE</u>

Respectfully submitted,

By: _____

**Terry McGovern**
Texas Bar No. 24102180
Southern District No. 3126466
1301 McKinney St., Suite 2400
Houston, Texas 77010
Tel: (713) 655-8000
Fax: (713) 739-0000
tm@bergquistlawfirm.com
Attorney for Defendants
*BERGQUIST LAW FIRM, PLLC AND*
*DAVID W. BERGQUIST*

## TABLE OF CONTENTS

I.     PROCEDURAL AND FACTUAL BACKGROUND.........................................................4

II.    STATEMENT OF ISSUES AND SUMMARY OF THE ARGUMENTS .......................4

III.   ARGUMENTS AND AUTHORITIES.........................................................................5

   A.   Admissibility of Expert Testimony under *Daubert* .........................................5

   B.   Moore's Opinions Cannot Withstand *Daubert* Scrutiny ....................................6

      1.   Plaintiff's Complaints Against Defendants and Moore's Opinions................................6

      2.   Moore's Offered Opinions are Irrelevant and Violate Well-Understood Requirements
      for Expert Testimony established by *Daubert* ........................................................7

         a.   *Moore's Opinions Are Not Relevant and, Therefore, Will Not Help a Trier of Fact to
         Understand the Evidence or Determine a Fact In Issue* .......................................8

         b.   *Moore's Opinions Are Not Based on Sufficient Facts or Data and, Therefore, Are Not
         Reliable and Are Profoundly Incompetent* ..........................................................9

IV.    CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Am. Honda Motor Co. v. Allen*,
  600 F.3d 813 (7th Cir. 2010) ................................................ 11

*Brown v. Parker-Hannifin Corp*.,
  919 F.2d 308 (5th Cir. 1990) ................................................ 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc*.,
  509 U.S. 579 (1993) ................................................ 5, 8, 9

*E.I. du Pont de Nemours & Co. v. Robinson*,
  923 S.W.2d 549 (Tex.1995) ................................................ 8, 9

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ................................................ 6

*Gonzalez v. Conoco, Inc.*,
  No. H-98-3109, 1999 WL 1043756 (S.D. Tex. Oct. 15, 1999) ................................................ 6

*Henry Hathaway et al v. Steven Bazany*,
  507 F.3d 312 (5th Cir. 2007) ................................................ 9

*Knight v. Kirby Inland Marine Inc.*,
  482 F.3d 347 (5th Cir. 2007) ................................................ 9

*Kumho Tire Co. Ltd. v. Carmichael*,
  526 U.S. 137 (1999) ................................................ 6

*Pagan-Aponte v. McHugh,*
  No. 3:09-cv-0800, 2011WL 1789962 (M.D. Tenn. May 10, 2011) ................................................ 9

*Sandifer v. Hoyt Archery, Inc.*,
  907 F. 3d 802 (5th Cir. 2018) ................................................ 8

*Viterbo v. Dow Chemical Co*.,
  826 F.2d 420 (5th Cir. 1987) ................................................ 10

*Watkins v. Telsmith, Inc.*,
  121 F.3d 984 (5th Cir.1997) ................................................ 5

**Statutes**

Fᴇᴅ. R. Eᴠɪᴅ. 702 ................................................ 5, 6, 8

Defendants Bergquist Law Firm, PLLC, ("BLF") and David W. Bergquist ("Bergquist") (collectively "Defendants") move to strike Plaintiff's human resources practices expert, Marla Moore ("Moore"), and exclude any and all reports, conclusions, and testimony that Moore provided or will provide in connection with the instant action.

## I.
## PROCEDURAL AND FACTUAL BACKGROUND

This case is brought by Tiecia Ayers ("Plaintiff" or "Ayers"), an associate attorney at BLF who was terminated for her poor job performance and failure to comply with BLF's policies and procedures. Plaintiff is now attempting to link her termination to Title VII, FMLA, and ADA by claiming Defendants discriminated against her due to her sex, gender, race, and pregnancy; retaliated and interfered with her FMLA entitlement; and discriminated against her and failed to accommodate her in violation of the ADA.

In support of her effort, Ayers designated Moore as an expert witness. Moore is designated to testify regarding whether Defendants "engaged in adequate human resources practices." Dkt. No. 23 at pg.1.

## II.
## STATEMENT OF ISSUES AND SUMMARY OF THE ARGUMENTS

Moore's report, including any testimony in support of Moore's proffered opinion should be stricken for a number of reasons. First and foremost, even if Moore was qualified as an expert regarding human resources, her offered opinions regarding whether Defendants engaged in adequate human resources practices are entirely irrelevant and unhelpful to any trier of fact. Moreover, Moore's opinions criticizing Defendants human resources practices are based upon insufficient and incomplete data, and therefore not reliable.

Accordingly, Moore's offered opinion testimony does not meet the criteria for expert

testimony set forth in Federal Rule of Evidence 702 and established by the United States Supreme

Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and should be struck

and excluded from consideration in this case entirely.

### III.
### ARGUMENTS AND AUTHORITIES

#### A.     Admissibility of Expert Testimony under *Daubert*

The starting point for determining the admissibility of any expert opinion is Federal Rule of

Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the
> case.

FED. R. EVID. 702.

Furthermore, "[e]xpert testimony is admissible only if the proponent demonstrates that (1)

the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable."

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir.1997).

Rule 702 thus requires trial courts to act as "gate-keepers," making a "preliminary

assessment of whether the reasoning or methodology underlying the testimony is scientifically

valid and of whether that reasoning or methodology properly can be applied to the facts in issue."

*Daubert*, 509 U.S. at 592-93. In this role as a gate-keeper, the court must determine that "an

expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. at 597.

" "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Similarly, a court must perform a screening function to ensure that the expert's testimony "is the product of reliable principles and methods." FED. R. EVID. 702; *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). That is, a court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 152. The *Daubert* standards apply to all expert testimony, whether scientific or otherwise. *Id.* at 141.

Specifically related to employment and human resources issues, courts have generally allowed experts to testify on issues related to the quality or propriety of a defendant's employment practices when such issues are **relevant** to a plaintiff's claims. *See, e.g., Gonzalez v. Conoco, Inc.*, No. H-98-3109, 1999 WL 1043756, at *3 (S.D. Tex. Oct. 15, 1999).

**B.     Moore's Opinions Cannot Withstand *Daubert* Scrutiny**

1.     Plaintiff's Complaints Against Defendants and Moore's Opinions.

To understand the myriad flaws precluding Moore from offering any of her opinions as an expert in this case, it is crucial to first understand the context in which she offers her two primary opinions - one directed at the adequacy of Defendants' "human resources practices" with respect to the administration of employee leave, and the other directed at the adequacy of Defendants' "human resources practices" with respect to the administration of employee accommodation requests.

As outlined in Plaintiff's Original Complaint, Ayers brought this suit under three claims. First, she claims Defendants discriminated against her based on her sex, gender, race, and

pregnancy in violation of Title VII. Second, she claims Defendants retaliated against her and interfered with her FMLA rights. And third, she claims Defendants discriminated against her based on her pregnancy complications and failed to accommodate her in violation of the ADA. Dkt. No. 1 at pg. 4-6. As a result, Plaintiff claims she was terminated.

However, as outlined in Defendants' Motion for Summary Judgment, Defendants had legitimate non-discriminatory, non-retaliatory, and non-interference reasons to terminate Plaintiff. *See* Dkt. No. 29, at pg. 8-12. BLF found she had over 700 unread emails, her cases were being DWOP, she had missed discovery deadlines, there were motions to compel being filed and ruled against her with orders granted, she had missed hearings, she was not properly documenting her cases per BLF's policies and procedures, she was not delegating tasks accordingly, etc. In short, and simply put, Defendants terminated Ayers for her poor job performance and failure to comply with BLF's policies and procedures.

Moore's expert report limits her scope of expert testimony specifically to "Whether the Defendants Bergquist Law Firm, PLLC and David W. Bergquist engaged in adequate human resources practices for a firm of its size, generally, and with respect to Plaintiff Tiecia Ayers, specifically." Dkt. No. 23 at pg.1. However, nowhere in her complaint or claims does Ayers bring a claim alleging inadequate human resources practices, or otherwise mention Defendants' human resources practices. *See* Dkt. No. 1 at pg. 4-6. Moore tries to tie the FMLA and the ADA into her human resources opinions regarding Defendants' practices but, yet again and importantly to note, her opinions do not concern any factual or legal issues or claims in this lawsuit.

      2.     Moore's Offered Opinions are Irrelevant and Violate Well-Understood Requirements for Expert Testimony established by *Daubert*.

Moore spends the bulk of her report criticizing that Defendants "failed" to engage in adequate human resources practices, but her opinions regarding the same are wholly irrelevant to

any issue to be decided by a factfinder in this case and, in the unlikely event they are considered relevant, fail on at least one or more of the numerous requirements presented by *Daubert*.

          a.    *Moore's Opinions Are Not Relevant and, Therefore, Will Not Help a Trier of Fact to Understand the Evidence or Determine a Fact In Issue.*

As a threshold matter, an expert's opinions must at a minimum be relevant to the elements of a party's cause. *See generally, Sandifer v. Hoyt Archery, Inc.*, 907 F. 3d 802, 809 (5th Cir. 2018) ("An expert opinion must 'help the trier of fact to understand the evidence or to determine a fact in issue.'") (citing Fed. R. EVID. 702)). In its role as a gate-keeper, the court must determine at the outset whether the expert's proposed testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert, 509 U.S. at 591*. "This condition goes primarily to relevance" and therefore "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful." *Id*. That is, "[t]o be relevant, the proposed testimony must be 'sufficiently tied to the facts of the case that it will aid the jury resolving a factual dispute.'" *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556 (Tex.1995).

Here, Moore's opinion is being offered to question whether Defendants "engaged in adequate human resources practices." However, Ayers' attempt to impugn Defendants human resources practices is entirely irrelevant, as what Moore opines on is not at issue. That is, whether Defendants failed to engaged in adequate human resources practices is wholly irrelevant to any of Plaintiff's claims. As previously mentioned, Plaintiff brought this suit under three counts. None of which involve the adequacy of Defendants' human resources practices.

Per Plaintiff's own complaint, at issue in this case is whether Plaintiff's termination was a result of (1) Title VII discrimination based on her sex, gender, race and pregnancy, (2) FMLA retaliation and/or interference, and/or (3) ADA discrimination and/or failure to accommodate. Moore specifically points out in her report she "does not provide an opinion as to whether the

Defendants' reasons for terminating the Plaintiff would qualify as legitimate, non-discriminatory, and/or non-retaliatory." Dkt. No. 23 at pg. 3. However, Defendants' reasons for terminating Ayers' employment and whether Defendants failed to accommodate Ayers are the primary issues of this suit. Therefore, Moore's opinions about the adequacy of human resources practices are completely irrelevant and do not matter since her proffered opinions do not relate to any issue in this case, are not relevant, and are not helpful to the trier of fact. *See e.g., Pagan-Aponte v. McHugh,* No. 3:09-cv-0800, 2011 WL 1789962, at *3 (M.D. Tenn. May 10, 2011) (excluding an HR expert because the expert's opinion that the interview process was "severely flawed," is not relevant to the question of whether the plaintiff was subjected to discrimination.).

Allowing Moore's testimony will not help the trier of fact understand any of the evidence nor will it help the trier of fact determine a fact in issue, instead – it will be an inefficient use of trial time, and will only confuse the jury as to the with which they are charged to decide.

Moore's opinions and testimony are not relevant and therefore should be struck in their entirety.

   b.    *Moore's Opinions Are Not Based on Sufficient Facts or Data and, Therefore, Are Not Reliable and Are Profoundly Incompetent.*

Moore's testimony must be reliable in order to be admissible. The reliability requirement ensures that the testimony is "supported by appropriate validation" and "establishes a standard of evidentiary reliability." *Daubert*, 509 U.S. at 590. This "applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354-55 (5th Cir. 2007) (internal quotation marks omitted). To be reliable, the opinion must be based on sound reasoning and methodology. *Robinson*, 923 S.W.2d at 557. Additionally, and importantly, the existence of sufficient facts is in all instances mandatory. *Henry Hathaway et al v. Steven Bazany*,

507 F.3d 312, 318 (5th Cir. 2007).

Moore's opinions as an expert in this case are of questionable reliability because they are based on incomplete data. *See Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 311-12 (5th Cir. 1990) (excluding an expert's opinion because the expert had incomplete data about the specific occurrence in question and is therefore speculative and of no assistance to the jury.); *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 423-24 (5th Cir. 1987) (same). Here, Moore provides in her report the list of the eleven documents she reviewed in preparation of her report, three of which were pleadings, and two of which were Plaintiff's doctor's notes. Moore did not review all the relevant documents provided by Defendants during discovery and also never reviewed any of the three depositions taken, nor did she care to supplement her report with any additional information or opinions after further review, if any.

As an example, Moore's opinions are poorly founded insofar as she obviously and demonstrably guessed (incorrectly at that) that Defendants had "no policies or other written guidance regarding FMLA leave entitlement." Moore only reviewed and references to Defendants' Employee Handbook, but did not realize nor review specific FMLA notices provided to Plaintiff throughout her employment. *See* Dkt. No. 29 at Ex. 7-9.

Another stark example of Moore's incompetence and unreliability is her speculation about Defendants' "failure to engage in the interactive process" and opining that "instead of engaging in a dialogue with the Plaintiff about how they might be able to accommodate her need for bedrest due to her medical condition, Defendants refused all her request and failed to offer any alternatives for accommodation of her medical condition." Moore failed to review or consider the email exchanges produced in discovery by Defendants with Bergquist engaging in this precise dialogue.

Evidently, the entire body of documents Moore reviewed was a limited set of documents

selected by Plaintiffs' counsel. Moore relied on incomplete data and insufficient facts to form her opinions. This type of unfounded speculation and blatant advocacy by a purported expert is exactly what the *Daubert* standards are intended to prevent. *See, e.g., Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 817 (7th Cir. 2010) ("even the most supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method and are reliable and relevant under the test set forth by the Supreme Court in *Daubert*.") (internal quotations omitted). For this reason alone, Moore's testimony and opinions should be stricken in their entirety.

## IV.
## CONCLUSION

Moore's report is deficient because it is unreliable and fails to assist the jury regarding any element of Plaintiffs' claims. As a result, Defendants respectfully request that the Court grant its Motion to Strike Plaintiff's human resources expert, Marla Moore, and exclude any and all reports, conclusions, and testimony that she has or will provide in connection with the instant action.

*Signature line in next page*

Dated: June 30, 2022                    Respectfully submitted,

Bergquist Law Firm

By: _____

**Terry McGovern**
Southern District No. 3126466
1301 McKinney St., Suite 2400
Houston, Texas 77010
Tel: (713) 655-8000
Fax: (713) 739-0000
tm@bergquistlawfirm.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2022, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following counsel of record:

Martinez Firm, PLLC
Samantha Martinez
325 Heights Blvd.
Houston, Texas 77007
sam@mtzfirm.com

Oberti Sullivan, LLP
Edwin Sullivan
712 Main Street, Suite 900
Houston, Texas 77002
ed@osattorneys.com

_____
Terry McGovern

12